Michael Montgomery # 21005-081
Name and Prisoner/Booking Number

Federal Correctional Institute Sheridan
Place of Confinement

P.O. Box 5000
Mailing Address

Sheridan, OR 97378
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED ✓   ___ LODGED
___ RECEIVED   ___ COPY

AUG 1 3 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Michael Chase Montgomery,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) William Ω Lathrop,
(Full Name of Defendant)

(2) And Others,

(3) _____,

(4) _____,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

ORIGINAL

CASE NO. CV 20-00822-PHX-ROS (MHB)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint
☒ Third Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☒ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____.

2.   Institution/city where violation occurred: F.C.I. Phoenix, Arizona .

Revised 3/11/16                                    1                                **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: __William    Lathrop_____. The first Defendant is employed
as: __Warden of instatution_____ at__ F.C.I.  Phoenix_____.
        (Position and Title)                                                                    (Institution)

2.   Name of second Defendant: __Dawn    Montoya_____. The second Defendant is employed as:
as: __PA-C  Provider_____ at__ FCI  Phoenix_____.
        (Position and Title)                                                                    (Institution)

3.   Name of third Defendant: __B.  Medrano_____. The third Defendant is employed
as: _____D.m.D_____ at__ F.C.I.  Phoenix_____.
        (Position and Title)                                                                    (Institution)

4.   Name of fourth Defendant: __Holly   Schultz_____. The fourth Defendant is employed
as: _____R. N._____ at__ F.C.I.  Phoenix_____.
        (Position and Title)                                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☒ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? __2___. Describe the previous lawsuits:

   a.   First prior lawsuit:
        1.   Parties: _Michael Montgomery_____ v. _Brigitte  Wolverton_____
        2.   Court and case number: _3:19-cv - 00546 - AC_____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_still_____
        _____.

   b.   Second prior lawsuit:
        1.   Parties: _Michael Montgomery_____ v. _Employees of Victorville  CA___
        2.   Court and case number: _5:20-cv-00685 - MWF (SP)_____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_still_____
        _____.

   c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

⑤ Kristin Langdon, RN at FCI. Phoenix

⑥ M. Ramirez, E.M.T./P at F.CI. Phoenix

⑦ MR. Barnes, Counselor at F.CI Phoenix

⑧ Name Unknown, Pima unit Manager at F.C.I Phoenix

⑨ Salvatore Ricotta, MD/CD at F.C.I. Phoenix

⑩ Wayne Weissinger, NP at F.C.I Phoenix

"2-B continued

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: <u>8th amendment right to be free of cruel and unusual punishment</u>.

2.  **Count I.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☒ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

The deliberate indifference to my severe medical condition and treatment has continued over the course of multiple years. Starting August 28, 2016 to current. I have been denied proper medical care, been treated with disregaurd, disrespect and told there is nothing wrong with me. Each defendant named in this claim has had at some point an interaction with the petitioner and has denied him treatment after being made aware of such painful conditions. For these reasons, I claim my 8th, and 5th amendment rights have been violated and can prove that prison officials were deliberately indifferent to a serious medical need as well as deficient medical care. Plaintiff was seen by Defendant montoya where Plaintiff expressed in detail injury and suffering. She reviewed my medical chart and did nothing but refer to sick call. 10-5-18 assessment was done by Defendant Medrano. 1-6-18 Plaintiff was seen by defendant Schultz. Plaintiff fully informed defendent of injury and suffering where she acknowledge all of it. Plaintiff expressed attempts at going thru proper channels. Nothing happened. She did nothing. Continued (3-3-1 thru____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
Plaintiff has never recieved addequate medical, has been subjected to years of extreme pain and mental torment. Rib cage is deformed and limits movement. The injury has never been addressed or resolved.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Count I?  ☒ Yes  ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?  ☒ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

expressed that his pain was on a scale of 8/10 with exasperating factors bending, walking, or simply breathing. Plaintiff's injury was restricting his movements and breathing. He again expressed concern that the medication that was prescribed (Ibuprofen) was not working and began question it's application for the Plaintiff's injury. Defendant Schultz's examination report describes Chest Wall as: Joint deformity, malalignment, tenderness. In her exam comments she states: "The inmate has a definitive deformity of anterior left ribs."

On or about January 15, 2018, Plaintiff sent an electronic Request to Staff "kite" to Health Services wondering when he would be seen since medical had failed to schedule a follow up appointment after he went to sick call. The E-cop-out went unanswered.

Medical files indicate that since arriving at FCI Phoenix, Plaintiff has sought medical attention for his injuries. Plaintiff believes that FCI Phoenix's inattention to the Plaintiff's serious medical needs does in fact constitute a violation of his Eighth Amendment by the deliberate indifference to a serious medical need. Defendants were aware, had knowledge of, and failed in providing adequate medical care to the Plantiff.

For the fourth time in less than 35 days, the Plantiff went to medical to seek medical attention. Plaintiff was seen by Defendant Kristin Langdon, RN. The Plaintiff still felt as if his sternum was fractured explained the injury and the amount of pain he was in. He also explained that he was waiting for either an MRI or CT scan to be preformed, but could not understand how or why medical staff did not take such an injury as serious or urgent. He was a visual abnormalty in his left chest. This abnormalty protrudes outside of his chest. Plaintiff was asked enough questions to become alerted to the

3 - D - 1

seriousness of the situation and thus knows that medical staff are also aware of the seriousness of the Plaintiff's medical needs.

On or about January 30, 2018, Plaintiff sent an electronic request to staff regarding being charged $2.00 for going to sick call for the same issue that he'd already been charged for. He was simply trying to follow up with medical staff since they failed to follow up with him. He asked for the money to be returned to his inmate trust account. No response.

On or about February 10, 2018, Plaintiff sent an electronic request to staff regarding his sternum or rib cage as he'd not heard anything back from any of the medical staff. He stated that the medication was making no difference, and wanting to know why he was charged yet again for the same issue. Again no response.

On or about March 22, 2018, from the compound, Plaintiff went to sick-call for the third time since being in Phoenix and and seen someone for the fifth Clinical Encounter. Plaintiff was seen by Defendant M. Ramirez EMT/P, expressing the very same issues that he's been explaining to the other providers whohave taken the approach of doing nothing medically productive. The Defendant's report reads as: Inmate appears angry. Inmate has previous injury to left rib that has been x-rayed in the past and inmate has complained of pain. Rib sticks out and is a firm bump. nothing further was done. This appeared to be nothing more than a counseling session telling me the same thing as before. The medical staff are deliberately indifferent to the Plaintiff's medical needs.

On or about March 26, 2018, from the compound, Plaintiff is removed from his cell and taken to sick call for the fourth time and his sixth Clinical Encounter. Seen by Defendant Ramirez, Plaintiff again expressed the amount of pain he has been in and having to suffer through. The pain is so bad that the Plaintiff can not sleep at

3-D-2

night causing the Plaintiff to become irritable and easily agitated. The Defendants medical assesment: Plaintiff has had the same complaint of pain for weeks now. He is complaining that he wants further evaluations on his left rib. "see previous notes for complaint of pain." He also wants Ibuprofen. I will refer him to commissary for that. Plaintiff was returned to his unit without any further treatment for his injury. Plaintiff sent via the institutional mail, a request to staff seeking a complete copy of his medical records as of December 24, 2017. This cop-out was dated in April 22, 2018. Medical "received" that request in September 6, 2018. Plaintiff received no response. By May 3, 2018, Plaintiff submitted another cop-out to medical seeking a copy of his medical records since his arrival at FCI Phoenix. Medical's response was that they did 27 pages of medical records on the same date of receiving my cop-out. Also on May 3, 2018, the Plaintiff had sent a second cop-out to medical asking them to make an appointment for an MRI. The response was: CT scan ordered not an MRI. CT is pending scheduling. These cop-outs were never returned to Plaintiff so that he could see the responses. However, he found them amongst his medical records.

For the fifth time, Plaintiff left the unit to go up to medical to go to sick-call for his sixth Clinical Encounter. This time the Plaintiff was seen by Defendant Weissinger. Plaintiff once again began explaining his issues and pain that he was suffer through. He explained that he was unable to purchase Ibuprofen from commissary because they are always sold out, and that it was making him sick. The Defendant did prescribe 400mg tablets for x3 a day for 7days.

3-D-3

On or about May 24, 2018, Plaintiff began to exhaust his administrative remedy process in accordance with the P.L.R.A.. Plaintiff sought out Counselor Barnes (Pima-A) for the BP-8 (informal resolution) form to begin the process of grieving his issue. The BP-8 is a informal resolution that must be completed before getting the Formal Administrative remedy form BP-9. The Plaintiff stated in his BP-8 to the counselor what his complaint was about. "I have been trying to get medical attention for my sternum since August 2016. I am in severe pain and currently have an unknown object sticking out of my chest. I have been very clear in all my corrispondence, but have been neglected and in most cases completely ignored. This is and always has been a serious matter in getting proper medical attention." The response that I received was, "Your CT scan is scheduled and confirmed. Please wait for the assigned date." The Plaintiff has gone through great efforts to receive adequate medical attention for his issue. Plaintiff has over 1 1/2 inches of medical records, request's, and reports where nothing was properly attended to. Unknown Unit Manager and Counselor Barnes both signed the unresolved BP-8. Both Defendants have access to Plaintiff's medical records, both were aware of his issues, and still acted in a deliberate manner by not assisting him further to access proper and adequate medical attention. Furthermore, when Defendant Barnes was returning the response of the BP-8 to Plaintiff he also gave him a BP-9 (formal administrative remedy form) to proceed his complaint to the Warden of the institution. He stated that, "this is above my pay grade."

3-D-4

Plaintiff received this response on or about June 2, 2018.

Plaintiff immediately filled out the BP-9 and turned it into the Defendant Barnes for processing on or about June 6, 2018. Defendant, William W. Lothrop failed in meeting the response due date by filing an extention for an additional 30 days. Plaintif did receive a response from Defendant Lothrop on July 16, 2018, on the response due date. In that response, the warden doesn't even address the six questions that I asked to be addressed. the response was lengthly, but incomplete to the issues at hand. Through the administrative remedy process the warden was made aware of the issues to the Plaintiff of his concerns of inadequate and improper medical treatment or care. In Defendant Lothrop's response he, "suggest's that the Plaintiff seek medical care if Plaintiff has other concerns." Plaintiff asserts that he has been effectively as possible seeking medical attention "if his condition had worsened or he had other concerns." The Plaintiff has been doing just that for the past 22 months. Plaintiff has felt very discouraged by the actions of past Defendant actions or lack thereof.

On or about June 15, 2018, Plaintiff was taken to an outside facility (Abrazo Arrowhead Campus) for a "CT Chest W/O Contrast." The report states:

> Indications: LOCALIZED SWELLING, MASS AND Lump, Trunk-R22.2
>
> Chest Wall: BASE OF THE NECK IS NORMAL. THE AT THERE IS SUBTLE BULGE/SEPARATION OR CHRONIC FRACTURE OF THE LEFT 10th RIB CLOSE TO CHONDRAL JUNCTION.

3-D-5

NO MASS IS SEEN. NO SOFT TISSUE ABNORMALITY.
VISIUALIZED INTRA-ABDOMINAL IS NORMAL.
Impression: LEFT RIB 10 COASTER CHONDRAL
JUNCTION SEPARATION OR OLD FRACTURE. OTHERWISE
NORMAL CT CHEST WITHOUT CONTRAST.

When Plaintiff was returned to the Institution from the outside facility, Defendant Weissinger reports CT of chest reveals old fracture of the left 10th rib or possibly on floater, no other findings. The report and analysis of the CT scan confirms the previous injury that Plaintiff complains of causing him pain. The facts or in the report as evidence of an injury.

The Plaintiff has been housed in an extremely violent enviroment and had to go through daily torment both mentally and physicaly knowing that in the event that Plaintiff had to defend or protect himself from attack, he'd probably be severely injured as a result of the pain he had already been subjected to from the Federal Bureau of Prisons failure to properly diagnose and treat his original injury and is still vulnerable. Having the injury heal in a incorrect manner leaves the damaged area weak and susceptible to further injury and potentially leaving Plaintiff in a deathly situation and defensless from attack.

It has taken the Federal Bureau of Prisons over 22 months to the injury that the Plaintiff has been so consistently complaining about. Had the Plaintiff not been so insistant for some form of imaging other than an x-ray, he may still have never had the actual evidence needed to prove the deliberate indifference to a serious medical need at the hands of so many medical staff at different institutions.

On June 27, 2018, Plaintiff was brought into medical for a Clinical Encounter with Dr. Ricotta as a result of filing a BP-8 and BP-9. During this encounter, Defendant Ricotta states:

3-D-6

"The second BP-0 (actually should be BP-9), refers to an injury he sustained on 08/29/16 when he slipped attempting to climb into his bunk, injuring his left lower rib cage. Since then he states he has been experiencing chest pain that prevents him from sleeping on his left side. A recent CT of the chest was normal except for evidence of 10th rib costochondral junction separation or old fracture. On exam there is a palpable nodularity at that site. I informed him I would request a Thoracic Surgical consult to determine if any corrective procedure could be recomended.

As can be seen by Dr. Ricotta's report, he was aware of Plaintiffs injury, even documented the visuality of the deformity, then told Plaintiff that he'd consult a thoracic surgeon if there was anything that can be done to correct it. He scheduled a consult with a thoracic surgeon, Defendant sent Plaintiff to an orthopedic surgeon instead.

On July 28, 2018, Plaintiff sent a request to staff (medical) seeking that medical prescribe something for pain as he'd been experiencing a pain level of 10. He also sought a pillow to place under him to support his sternum and chest. Medical responded on 08/02/18 that he would have to purchase analgesic OTC from commissary.

On or about July 28, 2018, Plaintiff submitted a second request to staff (medical), seeking to know if he had been aprroved or scheduled to see the specialist for his sternum. Medical responded on 08/02/18, that he is being scheduled.

On or about July 30, 2018, Plaintiff sent a request to staff (medical), seeking to be placed on the next sick call schedule for some form of pain management, that he was in a lot of pain and had no way to support his sternum. Medical responded on 08/01/18, "you will have to purchase Motrin OTC." Medical Has consistantly refused to provide any type treatment for the Plaintiffs steady pain that he has complained of. Trying to make the Plaintiff pay for his own medication in which he could not actually order from commissary.

3-D-7

In the Clinical Encounter dated 08/01/18, Dr. Ricotta entered notes

pertaining to the request to staff dated 07/28/18 seeking a pillow, pain

medication, and the scheduling of the Thoracic consult. The doctor's notes

contained the following:

> "Inmate requested a second pillow (Plaintiff never had one at
> this point) which was denied. The Ibuprofen can be purchased
> OTC since he is not enrolled in CCC (chronic care clinic) and
> the Thoracic consult is being scheduled. All responses relating
> to his cop-out.

Inmate was transfered from Phoenix on or about September 10, 2018,

3 - D - 8

#1 On 6-5-18 Defendant Lathrop was provided with a request for a administrative remedy request containing 6 questions as to #1 why its taken 22 months to get a ct scan #2 why the medical condition has not been taken seriously and not seen by a Dr. #3 Why an inmate with pain scale of 10 has been told to order IBU off comisary when its commen knowledge that IBU is not for daily use. #4 why medical falsified medical records #5 why each PA has refused to allow me to see a Dr. claiming nothings wrong. # Express accountability for 22 months of medical neglect. Etc. In defendents response he claims after review of my medical records that I have recieved apropriate medical care and goes on to ~~repeat~~ repeat my medical history. This being said. After reviewing my records he can clearly see my rib is broken and I am in severe pain. He can see each defendents failure to provide adequate medical care yet chooses to do nothing. this clearly shows. he has violated the 5th amendment. The 8th amendment was violated by being aware of cruel and unusual punishment and allowing it to continue when in an official copasety he is expected to stop this ~~and~~ from happening as well as being deliberately indifferent to my medical needs. Defendent should have got with his staff and made sure these issues were resolved and head others acountable for their actions

3-D-9

#2 Defendent ~~Medrano~~ Montoya was made aware of defendets serious medical needs by plaintiff and by her job of screaning plaintf where she has full access to medical reports "Which is her job" and chose to ignore the reports. plaintiffs complaints and visual examination. Defendant should have contacted Dr and annitiated proper medical treatment. She was clearly aware of the medical condition, pain and the fact that nothing has been done for over 16 months. Her job as a PAC provider is to review and if needed refer. She deliberately did nothing.

#3 Medranos assesment provided plenty information regaurding injury and amount of pain. The whole point to an assesment it is to assess. He is a DMD. If a DMD cannot see a rib sticking out over an inch of my chest wall and me expressing pain why is he working for the BOP as a DmD. He should have annitiated the steps to get me to a thoracic surgion and pain management.

3-D-10

#4. Defendent shultz was clearly made aware of my medical condition. She did not refer me to a Dr. Even if she would have there was nothing done. When the defendent was made aware that nothing was done she should have went up the chain of comand to be sure I recieved medical attention. She chose not to do anything this clearly violating all of my aligations.

#5 Defendent Langdon did a physical exam as well as a preview of medical needs in their computer. Fact: She saw injury as well as medical needs notes. I told her of injury and pain. She is a Registered Nurse and trained to recognise a serious medical need. She chose to do nothing!

3-D -11



#6. Defendant Ramirez should have referred me to a doctor or hospital. EMTs are trained to recognise a serious medical issue and if unsure he should have asked his superiors. These so called "Medical Staff" are there to provide medical care, attention and or are trained and or are knowledgeable of their responsibility to use the chain of comand to ensure the safety of inmates. They knew of the serious medical and deliberately chose to ignore this.

#7 Defendant Weissinger like all other defendents were made aware of all facts of the injury. He had access to all medical history in the BOP's system. He reviewed this during encounter. He was completely informed and chose to ignore his duties as a BOP's medical staff. He should have ~~referred~~ referred me to a specialist due to the serious injury and pain. He should have referred me to a pain specialist as is part of his duties. He did nothing.

3-D-12

#8 Defendent Barnes and unknown unit managers responsibilitys are in part to deal with inmates issues. our inmate grievence process starts with them. They have access to medical and according to the BP8 they were informed of serious need and neglect. They chose to ignore this and responded that there was an appointment made for a CT scan. They should have contacted medical staff and ensured that I was getting the medical needed in this serious issue. If that failed, again there is the chain of comand. They did nothing but made excuses.

#9. Defendent Ricotta is the Dr for this facility and is essentually all of medical staffs higher up. He is the Dr in charge of all medical care. He is and was informed of all of my medical needs! He should have set me up for pain management emediately. He chose to ignore all facts of neglact, malpractice, cruel and unusual punishment, disrespect etc. He knew of all medical records including my full complaint and amount of pain that I explained during every visit His only action was to set me up to see a orthopedic surgon "who deals with the skeletal system." They do not deal with Rib or sternum injurys. He should have sent me emediatly to a Thoracic Surgeon whom deals with this type of injury I gave no details of this visit because it never happened at this facility. They found a made up reason and transfered me to push my medical issues on some one else.

3-D-13

## COUNT II

1.  State the constitutional or other federal civil right that was violated: <u>5th  amendment  right</u>
<u>to do process</u>.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☒ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

SAME AS count 1

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

SAME AS count 1

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count II?  ☒ Yes   ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?  ☒ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _Right to adequate medical_ _attention as well as treatment and care_.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court          ☒ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_Same as count 1_

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).
_Same as count 1_

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☒ Yes      ☐ No
b.   Did you submit a request for administrative relief on Count III?          ☒ Yes      ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?          ☒ Yes      ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff requests to be seen, assessed and treated by a thoracic surgeon. He believes he is entitled to corrective surgery to be performed emediatly. Untill corrective surgery can be performed He seeks adiquate pain management. Plaintiff would like to see each employee who has been neglegent in their dutys and responsibilites, protecting and providing adequate health care to inmate be repremended, suspended, (Continue 6E-1)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___7-24-20___
                 DATE                                                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

suspended, or some other form of consequences as a deterent to further deny any inmate in the care and custody the proper medical attention that is needed. The Plaintiff seeks damages for the physical deformity that the Plaintiff has had to suffer with, unduley for such a long time. Plaintiff also seeks compensary repayment for the money he has had to come out of pocket with for each sick-call appointment, medications he's had to purchase over the counter through the institutions comissary. Plaintiff seeks monetary restitution for the wanton affliction of pain that the Defendants made the Plaintiff suffer through even after being made aware of Plaintiffs serious need for medical attention. Plaintiff seeks monetary compensation for the mental anguish that he has suffered over the course of several months and since the date of original accident caused by the pain, agony, and poor nights sleeping while in pain. He seeks compensation for the lack of the ability to have and enjoy a normal daily activities since the date of the original accident. The Plaintiff seeks a total of $25,000,000.00 dollars to be dispersed how the Honorable Court sees fit. The Plaintiff also seeks an additional $1,000,000.00 to go the non-profit organization of his choice, and one that deals with prison litigations of civil rights.

6-E-1